# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
### 1:25-cv-00794-WO-JLW

| | |
|---|---|
| MICHAEL GOETTING, KIMBERLY WEBB, TERRI EDGELL, and KIMBERLY CHILDS, on behalf of themselves and all individuals similarly situated, | |
| Plaintiffs, | |
| v. | **DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' CLASS ACTION COMPLAINT** |
| SAMUEL ADRIAN SPRATT, RCOFIII SPEC-FIN CREDIT 1, LLC, R&R SPE LLC, JAMIE AZURE, CRAIG LUNDAY, KENNY MALATERRE, JON JON KEPLIN, RON TROTTIER SR., ELMER DAVIS JR., LYNN GOURNEAU, CHAD COUNTS, BLAINE DAVIS, and JOHN DOES Nos. 1-15, | |
| Defendants. | |

Pursuant to Federal Rules of Civil Procedure 12(b)(2), 12(b)(6), and 12(b)(7), Defendants RCOFIII Spec-Fin Credit 1 LLC ("RCOF") and R&R SPE LLC ("R&R") (collectively, the "Companies") respectfully move this Court for an Order dismissing Plaintiffs' Complaint against them for (i) lack of personal jurisdiction, (ii) failure to join indispensable parties, and (iii) failure to state a claim upon which relief can be granted.

As set forth in the accompanying Memorandum of Law, the Court should dismiss Plaintiffs' Complaint pursuant to Rule 12(b)(2) because Plaintiffs have not met their burden of showing that the Court has either specific or statutory personal jurisdiction over the Companies. RCOF is a Delaware limited liability company based in Texas and R&R is a Delaware limited liability company based in South Carolina. Plaintiffs have not shown (i) that the Companies purposefully availed themselves of the privilege of conducting activities in North Carolina; (ii) that their claims arise out of the Companies' activities directed at North Carolina; and (iii) that the exercise of personal jurisdiction over the Companies would be constitutionally reasonable. *See Reynolds v. United States Gov't*, No. 7:22-CV-00178-FL, 2023 WL 5826901, at \*14 (E.D.N.C. July 21, 2023), *report and recommendation adopted*, No. 7:22-CV-178-FL, 2023 WL 5350566 (E.D.N.C. Aug. 21, 2023).

Plaintiffs have also failed to meet their burden of showing that the service of process provision of the Racketeer Influenced and Corrupt Organizations Act ("RICO") provides a statutory basis for the Court's jurisdiction over the Companies. "Without a substantial RICO claim, this basis for asserting personal jurisdiction over . . . defendants fails." *Godfredson v. JBC Legal Grp., P.C.*, No. 5:04-CV-390-FL(1), 2005 WL 8159322, at \*6

1

(E.D.N.C. July 13, 2005). Plaintiffs' RICO claims are insubstantial because they fail to adequately allege that (i) a RICO enterprise exists; (ii) the Companies conducted or participated in the management of the alleged RICO enterprise's affairs, (iii) any conduct of the Companies proximately caused their alleged injuries, and (iv) the Companies conspired to violate RICO

Furthermore, the Court should dismiss this action pursuant to Rule 12(b)(7) due to Plaintiffs' failure and inability to join Spotloan and its owner, the Turtle Mountain Band of Chippewa Indians (the "Tribe"), as defendants. Under Rule 19, both Spotloan and the Tribe are necessary and indispensable parties to this litigation. *See* FED. R. CIV. P. 19. A judgment against only the existing Defendants will be inadequate (and prejudicial) to Plaintiffs, as it will have no bearing on Spotloan's conduct, or the Tribe's for that matter. Spotloan and the Tribe will also face prejudice, as both are commercial actors, given the value of their lending operation, and as sovereign entities, given their interest in remaining free to make and enforce their own contract laws. The Companies are also subject to prejudice due to (i) reputational damage by potentially bearing responsibility for Spotloan's conduct, and (ii) financial harm by defending a lawsuit in a state with which they do not conduct business in. Given that the Tribe and Spotloan are indispensable to this litigation but have legitimate claims to tribal sovereign immunity, which would impede their joinder, the Court should dismiss this action pursuant to Rule 12(b)(7). *See Gunvor SA v. Kayablian*, 948 F.3d 214, 221 (4th Cir. 2020); *Republic of Philippines v. Pimentel*, 553 U.S. 851, 861 (2008); *Williams v. Big Picture Loans*, LLC, 929 F.3d 170, 177 (4th Cir. 2019).

*Finally*, Plaintiffs fail to state a claim upon which relief can be granted. Only six paragraphs in Plaintiffs' 221-paragraph Complaint mention RCOF or R&R, and each allegation contained therein is either conclusory, pled solely "upon information and belief," or groups all Defendants together without identifying which acts are attributable to which Defendant. (*See* Compl. ¶¶ 7, 20, 21, 106, 109, 110.) Consequently, Plaintiffs fail to state a single claim against the Companies upon which relief can be granted and the Court should dismiss the Complaint in its entirety pursuant to Rule 12(b)(6). *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

*First*, Plaintiffs fail to state a claim under RICO § 1962(c) because they have not sufficiently alleged the existence of a RICO enterprise "separate and apart from the pattern of racketeering activity in which it engages." *United States v. Tillett*, 763 F.2d 628, 631 (4th Cir. 1985).

*Second*, Plaintiffs fail to state a claim for RICO because Plaintiffs' Complaint is devoid of any facts showing (i) that the Companies conducted or participated in the management of the alleged enterprise's affairs, or (ii) that any conduct of the Companies proximately caused their alleged injuries. *See Reves v. Ernst & Young*, 507 U.S. 170, 185 (1993); *Slay's Restoration, LLC v. Wright Nat'l Flood Ins. Co.*, 884 F.3d 489, 493 (4th Cir. 2018).

*Third*, Plaintiffs fail to state a conspiracy claim under RICO § 1962(d) because when, as here, "the pleadings do not state a substantive RICO claim under § 1962(c), Plaintiffs' RICO conspiracy claim fails as well." *See GE Inv. Private Placement Partners II v. Parker*, 247 F.3d 543, 551 n.2 (4th Cir. 2001) (citing *Efron v. Embassy Suites (Puerto*

3

*Rico), Inc.*, 223 F.3d 12, 21 (1st Cir. 2000)); *see also Walters v. McMahen*, 684 F.3d 435, 445 (4th Cir. 2012). Moreover, Plaintiffs' "conclusory allegation of agreement at some unidentified point does not supply facts adequate to show illegality." *See Twombly*, 550 U.S. at 556–57.

*Fourth*, Plaintiffs fail to state a claim under the North Carolina Consumer Finance Act because Plaintiffs have not pled facts demonstrating that the Companies (i) provided or serviced any of their loans or (ii) contracted for, exacted, or received any charges in connection with their loans. Rather, Plaintiffs plead this cause of action merely by parroting the language of the statute itself. *Cook v. Howard*, 484 F. App'x 805, 810 (4th Cir. 2012); *see also Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 555.

*Fifth*, Plaintiffs fail to state a claim under the Georgia Payday Lending Act because, here too, they have done "nothing more than parrot the language of certain elements of a claim . . . all of which are conclusory allegations devoid of factual adornment and which the Court need not accept as true." *See Brown v. Walmart*, No. 1:20CV59, 2022 WL 295708, at *3 (M.D.N.C. Feb. 1, 2022).

*Sixth*, Plaintiffs fail to state a claim for unjust enrichment because their Complaint lacks sufficient facts to show that they conferred a benefit on the Companies, or that the Companies consciously accepted any such benefit. *See LifeBrite Hosp. Grp. of Stokes, LLC v. Blue Cross & Blue Shield of N. Carolina*, No. 1:18CV293, 2022 WL 801646, at *12 (M.D.N.C. Mar. 16, 2022).

*Seventh*, Plaintiffs fail to state a claim for a declaratory judgment because they seek a declaration regarding the validity of loan agreements to which the Companies are not a

4

party and the claim is redundant to Plaintiffs' RICO, state law, and unjust enrichment claims.  *See Ellis v. Louisiana-Pac. Corp.*, 699 F.3d 778, 788 (4th Cir. 2012).

Respectfully submitted this 19th day of January, 2026.

**NELSON MULLINS RILEY & SCARBOROUGH LLP**

/s/ Robert L. Lindholm
Robert L. Lindholm (N.C. Bar No. 52800)
robert.lindholm@nelsonmullins.com
301 S. College Street, 23rd Floor
Charlotte, NC 28202
Telephone: 704.417.3231
Facsimile: 704.377.4814

Matthew G. Lindenbaum*
matthew.lindenbaum@nelsonmullins.com
One Financial Center, Suite 3500
Boston, MA 02111
Telephone: 617.217.4632

*Special Appearance forthcoming

*Counsel for R&R SPE LLC and RCOFIII Spec-Fin Credit 1 LLC*

5

# CERTIFICATE OF SERVICE

I hereby certify that on January 19, 2026, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send electronic notification of such filing to all counsel of record.

Dated: January 19, 2026

/s/ Robert L. Lindholm
Robert L. Lindholm (N.C. Bar No. 52800)
robert.lindholm@nelsonmullins.com
301 S. College Street, 23rd Floor
Charlotte, NC 28202
Telephone: 704.417.3231
Facsimile: 704.377.4814

*Counsel for R&R SPE LLC and*
*RCOFIII Spec-Fin Credit 1 LLC*

6