IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

MICHAEL GOETTING, KIMBERLY WEBB, :
TERRI EDGELL, and KIMBERLY CHILDS, :
*on behalf of themselves and all* :
*individuals similarly situated*, :
                                        Plaintiffs, :

v. : Civil Action No. 1:25-cv-0794

SAMUEL ADRIAN SPRATT, *et al.*, :
                                        Defendants. :
_____:

**PLAINTIFFS' OPPOSITION TO DEFENDANTS RCOFIII SPEC-FIN CREDIT 1 LLC'S AND R&R SPE LLC'S MOTION TO LIMIT FURTHER CORPORATE DISCLOSURES AND MOTION TO SEAL**

Plaintiffs, by counsel, respectfully file this Opposition to the Motion to Limit Further Corporate Disclosures (ECF No. 46) and Motion to Seal Portions of Corporate Disclosures (ECF No. 43) filed by Defendants RCOFIII SPEC-FIN Credit 1 LLC and R&R SPE LLC.

Plaintiffs filed this class action on September 2, 2025, seeking to hold Defendants accountable for their respective roles in a usurious tribal lending scheme that already resulted in a class settlement cancelling millions in nearly identical loans five years ago. *See Turner v. ZestFinance, Inc.*, No. 3:19-cv-293, Dkt. 114 (E.D. Va. July 9, 2020) (approving settlement with $18.5 million common fund and $170 million in cancelled loans). Despite this settlement, under the lending front "Spotloan," Defendants have continued to originate and issue new small-dollar loans with triple-digit interest rates far

exceeding the state usury rates of Plaintiffs' and the class members' respective states of residence. For example, Spotloan issued loans to Plaintiffs Mr. Goetting and Ms. Webb—both North Carolina residents—with interest rates of 378% and 490%, respectively, exceeding North Carolina's cap for payday loans of 16% by **more than 40 times**. *See* N.C. Gen. Stat. § 24-1, 24-1-1(c).

As outlined in the Complaint, Defendants RCOFIII SPEC-FIN Credit 1 LLC ("RCOF") and R&R SPE LLC ("R&R") are two of the primary entities behind the usurious lending scheme, each of which was created by Defendant Samuel Spratt as the vehicle through which Spotloan is funded, managed, and operated. In other words, without the participation and involvement of RCOF and R&R, Spotloan would not have been able to issue and collect on the usurious loans issued to Plaintiffs and the nationwide class of similarly situated borrowers, and RCOF and R&R, along with the other non-tribal participants in the scheme, are in turn the primary beneficiaries of the scheme, raking in millions in revenue while providing the tribe that is ostensibly the "lender" of the loans with a meager cut.

Despite their involvement in a nationwide scheme to take millions in usurious profits from low- and middle-income Americans—and no doubt because of their involvement in such a blatantly unlawful scheme—RCOF and R&R (collectively, the "Corporate Defendants") now ask the Court to permit them to withhold and/or conceal from Plaintiffs and the public the identities of their true owners and investors, claiming, without support, that "Plaintiffs have no need or entitlement for such information in connection with the claims alleged in this case against the Companies." (Br., ECF No. 47

at 4.) The Corporate Defendants' argument fails for at least two reasons, and their Motion should be denied and fulsome, public disclosures required.

### A. The Corporate Defendants Fail to Address, Let Alone Meet, Their Own Standard for Avoiding Disclosure under the Federal and Local Rules.

First, the Corporate Defendants have not shown that they should be properly excused from the disclosure requirements under the Federal and Local Rules. As the Corporate Defendants acknowledge in their brief, Rule 7.1 requires corporate disclosures unless (1) "'a party reveals citizenship that defeats diversity jurisdiction,'" thus mooting the need for further disclosures, or (2) "'there are substantial interests in privacy and where there is no apparent need to support discovery by other parties to go behind the disclosure.'" (Br. at 2-3 (quoting Fed. R. Civ. P. 7.1, Advisory Committee Notes to 2022 Amendment).) Similarly, Local Rule 7.7 requires any "nongovernmental corporation, partnership, trust, limited liability company, or other similar entity" to file a statement that:

> identifies all its parent entities, and any subsidiary or other affiliate entities (corporate or otherwise) that might be affected by the proceeding, and any publicly held entity (corporate or otherwise) that owns 10% or more of its stock, and any other publicly held corporation or other publicly held entity that has a direct financial interest in the outcome of the litigation.

L. Civ. R. 7.7(a)(1). And the Local Rule permits sealing—not withholding—of corporate disclosures only if the party has a "privacy interest" in the disclosed information and files a motion to seal that satisfies the sealing requirements under the Local Rules. L. Civ. R. 7.7(c).

The purpose of both the federal and local disclosure rules is to "support properly informed disqualification decisions" by judges, as well as determine citizenship of the

3

parties. Fed. R. Civ. P. 7.1 (advisory committee notes). The two exceptions to disclosure that the Corporate Defendants acknowledge in their own brief are designed to achieve this purpose while recognizing that "substantial" countervailing interests may exist in limited circumstances.

But here, the Corporate Defendants provide no basis—let alone a "substantial" one—for avoiding disclosure under either exception. Indeed, the first exception—when "a party reveals citizenship that defeats diversity jurisdiction"—is inapposite, as this case raises claims under RICO, a federal statute, and thus diversity of the parties cannot defeat jurisdiction.

Likewise, the Corporate Defendants do not even address, let alone satisfy, the second exception for when "***substantial interests*** in privacy" outweigh the need for the disclosure and "there is no apparent need to support discovery by other parties to go behind the disclosure." Fed. R. Civ. P. 7.1 (advisory committee notes) (emphasis added). Far from identifying a substantial interest in privacy that should avoid the need for disclosure of their ownership to the Court (as well as Plaintiffs and the public), the Corporate Defendants claim that disclosure is "unnecessary" because jurisdiction is not disputed and because obtaining the additional information will require some legwork on their part to contact upstream companies. In their Motion to Seal, the Corporate Defendants also claim, without support, that the individuals behind the entities that fund the lending scheme at issue in this case have "individual privacy interests" that outweigh the need for disclosure. (Mot. to Seal at 4.) But this is not a "substantial interest in privacy" that the Rule

4

contemplates as allowing avoidance of the disclosure requirements, or even the "privacy interest" that the Local Rules contemplate as allowing the sealing of such information.

Indeed, courts addressing similar disclosure issues have routinely found the mere disclosure of the first upstream owner inadequate for satisfying the purposes of the Rule. For example, in *Entropic Communications, LLC v. DirecTV, LLC*, the Central District of California found that Entropic failed to satisfy the disclosure requirements of Rule 7.1 and similarly worded Local Rules when it merely disclosed its parent company and not the "investment funds or individual investors who own more than 10% of that parent company . . . ." 688 F. Supp. 3d 978, 981-82 (C.D. Cal. 2023). As the Court explained, this is because judges must be informed of any potential bias, financial or otherwise, regarding ***individuals or entities*** that might have a stake in the litigation. *See id.*

So too here. Like the Central District of California, Local Rule 7.7 in this District requires corporate parties to identify not just the direct parent, but "any subsidiary or other affiliate entities (***corporate or otherwise***) that ***might be affected*** by the proceeding." L.R. 7.7(a)(1) (emphasis added). This language is intentionally broad and designed to capture both the individuals and corporate entities with a possible stake in the litigation so that this Court, as well as the public and Plaintiffs, can properly decide whether recusal is appropriate, and so that everyone (public included) has confidence in the Court's impartiality. But the Corporate Defendants here fail to provide any privacy interest—let alone a "substantial" interest—that would justify undermining this obvious purpose in requiring upfront disclosures.

5

Nor is the supposed individual privacy interest of the investors behind the Corporate Defendants sufficient. As courts have repeatedly held, an individual's desire to maintain anonymity is not sufficient to overcome Rule 7.1's purpose in providing confidence in the impartiality of the federal judiciary. *See Mann v. Trails Carolina, LLC*, 2023 WL 5109564, at *2-3 (W.D.N.C. Aug. 9, 2023) (denying defendant's motion for in camera review or to seal corporate disclosures when individuals had a desire to avoid being disclosed publicly based on a fear of harassment); *Wiens Cap. Mgmt., LLC v. Advoc. Consulting Legal Grp., PLLC*, 2023 WL 2435806 (M.D. Fla. Feb. 16, 2023) (denying plaintiffs' motion to file members' identities under seal or to submit the information for in camera review and finding that plaintiffs had not articulated a legitimate privacy interest in their members' identities and that preference for the information to remain private did not overcome the presumption of public access); *Wilkins v. Tory Burch, LLC*, 2023 WL 3600084 (E.D. Mo. May 23, 2023) (denying defendant's motion for protective order and to seal disclosure statement where defendant failed to explain why the public disclosure of its members' information could harm its business); *Manssor v. NRRM, LLC*, 2023 WL 4093413 (W.D. Tex. June 20, 2023) (denying defendant's request for leave to identify the initials and citizenship of three of its members but to omit their full names); *Driver Opportunity Partners I, LP v. Ameriserv Fin., Inc.*, 2023 WL 4711158 (W.D. Pa. July 24, 2023) (finding that plaintiff had failed to show it meets the exception to Rule 7.1's disclosure requirements and stating that "merely asserting a privacy interest without further explanation is hardly the equivalent of articulating a substantial privacy interest in the members' identities" and

that plaintiff's "limited partner's preference to avoid disclosure is not a specific, substantial privacy interest").

Without more, the Corporate Defendants' desire to maintain the anonymity of their investors and owners is nothing more than a thinly veiled attempt to prevent Plaintiffs from discovering the identity of their true owners. But the question before the Court is whether Defendants should be allowed to circumvent their disclosure obligations based on a substantial privacy interest, not whether discovery of the information by Plaintiffs is appropriate or even premature. *See Mann*, 2023 WL 5109564, at *2 (rejecting argument that information in corporate disclosures "was not ripe for discovery at this time" as inapposite to the issue of whether the information should be disclosed under Rule 7.1). Defendants have not articulated such an interest here, and they cannot avoid disclosure simply because they would prefer to keep the identities of their investors from Plaintiff for as long as possible.

Without a single, legitimate privacy interest to assert, the Corporate Defendants fall back on their desire not to reveal more information than they would like to at this stage; but this is not the sort of interest that entitles them to avoid disclosure under even their own recitation of the applicable standard. For this reason, the Corporate Defendants' request to avoid disclosure should be denied.

### B. The Public Has a Right to the Corporate Defendants' Disclosures.

Second, to the extent the Corporate Defendants ask the Court to permit only in camera review of their disclosures, they ignore the longstanding First Amendment right of the public to have access to judicial proceedings. *See Globe Newspaper Co. v. Superior*

7

*Ct.*, 457 U.S. 596, 606–07 (1982) (recognizing First Amendment and common law right of public access); *Nixon v. Warner Comm'ns Inc.*, 435 U.S. 589, 597 (1978) (same). Indeed, one of the primary policy justifications for public access is to provide the public with confidence that judicial proceedings are being conducted fairly and impartially. *See id.* Plaintiffs, too, as parties to the litigation, have a direct interest in knowing that their claims will be adjudicated by a judge without any personal interest in or relationship to the litigation. Largely for this reason, public disclosure of all persons and entities with a potential interest in the litigation is the default under both the Federal and Local Rules.

Far from articulating a substantial privacy interest to avoid public disclosure of this information, the Corporate Defendants claim that they simply do not want to disclose the information because there is an extensive ownership web and some of the individuals behind the operation would like to remain private. But as multiple courts have now found, the general desire for anonymity cannot justify sealing or even in camera review of corporate disclosures.[1] This is particularly true here, when the individuals who wish to remain anonymous chose to invest in a scheme to collect millions in usurious interest from low-income consumers, no doubt knowing that it was blatantly unlawful. Indeed, ***the exact***

---

[1] *See Mann*, 2023 WL 5109564, at *2-3 (denying defendant's motion for in camera review or to seal corporate disclosures when individuals had a desire to avoid being disclosed publicly based on a fear of harassment); *Wiens Cap. Mgmt., LLC*, 2023 WL 2435806 (denying plaintiffs' motion to file members' identities under seal or to submit the information for in camera review and finding that plaintiffs had not articulated a legitimate privacy interest in their members' identities and that preference for the information to remain private did not overcome the presumption of public access); *Wilkins*, 2023 WL 3600084 (denying defendant's motion for protective order and to seal disclosure statement where defendant failed to explain why the public disclosure of its members' information could harm its business).

***same scheme*** had already resulted in a nationwide settlement worth millions of dollars five years ago. The individual investors' supposed interest in anonymity is thus further minimized by the fact that they elected to invest in and maintain ownership of such an obviously unlawful scheme that, at a minimum, they should have known would lead to public litigation.

* * *

Accordingly, Plaintiffs request that the Court deny the Corporate Defendants' Motions (ECF Nos. 43, 46).

> Respectfully submitted,
> **PLAINTIFFS**, *individually and on behalf of all others similarly situated*
>
> */s/ Andrew J. Guzzo*
> Andrew J. Guzzo*
> KELLY GUZZO PLC
> 3925 Chain Bridge Road, Suite 202
> Fairfax, Virginia 22030
> Telephone: (703) 424-7572
> Facsimile: (703) 591-0167
> Email: aguzzo@kellyguzzo.com
>
> *Notice of Special Appearance Attorney for Plaintiffs*
>
> By: */s/ Rashad Blossom*
> Rashad Blossom (State Bar No. 45621)
> Blossom Law, PLLC
> 126 N. McDowell Street, 2nd Floor
> Charlotte, NC 28204
> rblossom@blossomlaw.com
> *Local Rule 83.1(d) counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on February 11, 2026, a true and correct copy of the foregoing was served on the parties electronically via this Court's CM/ECF notification system.

*/s/ Andrew J. Guzzo*
Andrew J. Guzzo