IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
1:25-cv-00794-DAB-JLW

| | |
|---|---|
| MICHAEL GOETTING, KIMBERLY WEBB, TERRI EDGELL, and KIMBERLY CHILDS, on behalf of themselves and all individuals similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>SAMUEL ADRIAN SPRATT, RCOFIII SPEC-FIN CREDIT 1, LLC, R&R SPE LLC, JAMIE AZURE, CRAIG LUNDAY, KENNY MALATERRE, JON JON KEPLIN, RON TROTTIER SR., ELMER DAVIS JR., LYNN GOURNEAU, CHAD COUNTS, BLAINE DAVIS, and JOHN DOES Nos. 1-15,<br><br>Defendants. | |

**DEFENDANTS RCOFIII SPEC-FIN CREDIT 1, LLC
AND R&R SPE LLC'S REPLY IN FURTHER SUPPORT OF THEIR
MOTION TO LIMIT FURTHER CORPORATE DISCLOSURES AND
MOTION TO SEAL PORTIONS OF CORPORATE DISCLOSURES**

Defendants RCOFIII Spec-Fin Credit 1, LLC and R&R SPE LLC (collectively, the "Companies") respectfully submit their Reply in further support of their Motion to Limit Further Corporate Disclosures (ECF No. 46) and Motion to Seal Portions of Corporate Disclosures (ECF No. 43), and in response to Plaintiffs' Opposition thereto (ECF No. 49).

1

Plaintiffs offer two reasons for opposing the Companies' Motions. First, Plaintiffs contend that no exception to the corporate disclosure requirement applies. (Opp. at 3-7.) Second, Plaintiffs argue that the general right of the public to have access to judicial proceedings forecloses the Court's ability to seal the disclosures in this matter. (Opp. at 7-9.) As discussed below, both of those arguments fail.

I. **The Jurisdictional Exception to the Corporate Disclosure Requirement Permits the Court to Limit Further Disclosures by the Companies.**

One purpose of the corporate disclosure requirement is to enable a court to determine whether diversity jurisdiction exists. *See Greer v. Powerschool Holdings, Inc.*, No. 1:25CV127, 2025 WL 986229, at *2-3 (M.D.N.C. Apr. 2, 2025).[1] As the Advisory Committee Notes to Rule 7.1 note, "disclosure is necessary both to ensure that diversity jurisdiction exists and to protect against the waste that may occur upon belated discovery of a diversity-destroying citizenship." Fed. R. Civ. P. 7.1 (advisory committee notes to 2022 amendment). In a traditional action, a court will only have jurisdiction if the matter is between "citizens of different States." 28 U.S.C. § 1332(a). Thus, extensive disclosures are sometimes necessary to determine whether somewhere up the stream of corporate ownership, one of those owners is a citizen of the same state as an opposing party. But

---

[1] Plaintiffs appear to conflate at times the two examples of exceptions to the corporate disclosure requirement listed in the Advisory Committee Notes to Rule 7.1. (Opp. at 4 ("the Corporate Defendants provide no basis—let alone a 'substantial' one—for avoiding disclosure under either exception").) The word "substantial" only relates to the second exception listed in the Advisory Committee Notes—"substantial interests in privacy".

2

once "a party reveals a citizenship that defeats diversity jurisdiction," the Federal Rules allow disclosures to be "cut short." Fed. R. Civ. P. 7.1 (advisory committee notes). In other words, once the Court has enough information to determine whether it has jurisdiction over a matter, no further disclosures are required.

The standard for achieving diversity in a class action lawsuit, however, is different. To Plaintiffs' benefit, the Class Action Fairness Act makes it easier for plaintiffs to achieve diversity of citizenship by simply requiring that "***any*** member of a class of plaintiffs is a citizen of a State different from ***any*** defendant." 28 U.S.C. § 1332(d)(2); *see also Custer v. Dovenmuehle Mortg., Inc.*, No. 1:24-CV-306, 2024 WL 4528187, at *1 (M.D.N.C. Oct. 18, 2024) ("statute requires plaintiffs to show that . . . 'parties share minimal diversity'"). The Act also makes it easier for plaintiffs by providing that "a limited liability company is an 'unincorporated association' as that term is used in 28 U.S.C. § 1332(d)(10) and therefore is a citizen of the State under whose laws it is organized and the State where it has its principal place of business," rather than a citizen of each state where all of its members are citizens. *Ferrell v. Express Check advance of SC LLC*, 591 F.3d 698, 699-700 (4th Cir. 2010).

Accordingly, Plaintiffs allege—and the Companies do not contest—that Plaintiffs are from North Carolina, Indiana, and Georgia, and the Companies are from Delaware, South Carolina, and Texas. (ECF No. 1 ¶¶ 15-18, 20-21.) Thus, without even considering the citizenship of any other Defendant, the Court has sufficient information to determine that it has diversity jurisdiction. Disclosures should be "cut short" under the exception.

3

Case 1:25-cv-00794-DAB-JGM    Document 51    Filed 02/25/26    Page 3 of 10

Plaintiffs attempt to argue that this first exception <u>only</u> applies when "a party reveals citizenship that *defeats* diversity jurisdiction." (Opp. at 4 (emphasis added).) Not so. Rule 7.1 "'recognizes that the court may limit the disclosure in appropriate circumstances', ***such as*** when 'there is no apparent need to support discovery by other parties to go behind the disclosure.'" *Niemann v. Carlsen*, No. 4:22-CV-01110-AGF, 2023 WL 22038, at *2 (E.D. Mo. Jan. 3, 2023) (quoting Fed. R. Civ. P. 7.1(a)(2) (advisory committee notes to 2022 amendment)) (emphasis added). In other words, the exceptions are not limited to the two examples provided in the Committee's Notes.

For example, in *Niemann*, the court limited disclosure when it could not determine whether diversity was defeated or not. There, the volume of one of the defendant's upstream members and partners made it "impossible to know whether [defendant was], in fact, diverse from [the] [p]laintiff." *Id.* The court "grant[ed] [defendant's] request to limit its corporate disclosures" and "hear[d] th[e] case based solely on federal-question and supplemental jurisdiction." *Id.* In cases where the Class Action Fairness Act requires minimal diversity, it is logical that the exception would also permit courts to limit disclosures once diversity is *achieved* (rather than defeated), as is the case here.[2]

---

[2] Plaintiffs claim that the Companies "do not even address, let alone satisfy, the second exception for when '***substantial interests*** in privacy' outweigh the need for the disclosure and 'there is no apparent need to support discovery by other parties to go behind the disclosure.'" (Opp. at 4 (emphasis in original).) The Companies, however, are not required to satisfy multiple exceptions to the Rule in order to obtain relief.

4

## II. The General Right of the Public to have Access to Judicial Proceedings Does Not Compel Public Disclosure in this Case.

Plaintiffs argue that sealing is improper here because the Companies have not "articulat[ed] a substantial privacy interest" that would overcome "the longstanding First Amendment right of the public to have access to judicial proceedings." (Opp. at 7-8.) That "more rigorous First Amendment standard applies to . . . dispositive motions," however, not to routine corporate disclosure statements. *See ATI Indus. Automation, Inc. v. Applied Robotics, Inc.,* 801 F. Supp. 2d 419, 427 (M.D.N.C. 2011); *Best Odds Corp. v. iBus Media Ltd.*, No. 2:14-CV-00932-RCJ, 2014 WL 5687730, at *1-2 (D. Nev. Nov. 4, 2014) ("motion for leave to file a redacted certificate of interested parties" under Rule 7.1 "is non-dispositive"). For non-dispositive motions, courts apply the "competing interests" test. *Kinetic Concepts, Inc. v. Convatec Inc.*, No. 1:08CV00918, 2010 WL 1418312, at *10 (M.D.N.C. Apr. 2, 2010). "This distinction is predicated on the fact that different interests are at stake with dispositive and non-dispositive motions." *Best Odds Corp.*, 2014 WL 5687730, at *2. "With dispositive motions, public interests prevail." *Id.* But "[w]ith non-dispositive motions, private interests predominate." *Id.*

Here, the Companies filed a motion to dismiss Plaintiffs' complaint arguing, in part, that this Court does not even have personal jurisdiction over the Companies. (ECF No. 33.) The Companies filed their non-dispositive Motion to Seal to "protect the identities and confidentiality of their upstream owners and investors" because publicly disclosing

5

their identities could cause the Companies significant damage. (*See* ECF No. 43.)[3] As the Companies explained, all of their investors are "passive investors who neither have, nor had, involvement in the day-to-day management of the Companies." (*Id.*) Rather, these upstream investors indirectly invested in the Companies on a confidential basis. If potential investors learn that they could be stripped of their privacy even as distant, hands-off investors, that could deter them from investing in the Companies in the first place. Courts have found these business risks sufficient to seal corporate disclosures. *See G&G Closed Cir. Events, LLC v. Fanmio Inc.*, No. 2:24-CV-01279-JCM-MDC, 2024 WL 4228835, at *2 (D. Nev. Sept. 18, 2024) ("'investors invested in Fanmio on a confidential basis' and 'disclosure would potentially harm Fanmio by discrediting with future investors who desire to invest on a confidential basis'") (cleaned up); *Guild Mortg. Co. LLC v. CrossCountry Mortg. LLC*, No. C21-1376-JCC-MLP, 2022 WL 18999842, at *6 (W.D. Wash. Dec. 6, 2022), *report and recommendation adopted*, No. C21-1376-JCC-MLP, 2023 WL 1860663 (W.D. Wash. Feb. 9, 2023) ("Because Radcliff identifies concern about losing investors who fear public pressure not to invest in its projects, the Court concludes there has been a sufficient showing of potential injury if the remaining documents are not sealed.").

Plaintiffs acknowledge that the "purpose of both the federal and local disclosure rules is to 'support properly informed disqualification decisions' by judges, as well as determine citizenship of the parties" for jurisdictional purposes. (Opp. at 3-4 (quoting

---

[3] None of the individual Defendants have any ownership in the Companies.

advisory committee notes to 2022 amendment).) Here, the Court can conduct a recusal assessment *in camera* and diversity is apparent on the face of the Complaint.[4] Given that both purposes of disclosure can be satisfied under seal, the Court should not subject the Companies to potentially significant financial injury by forcing them to publicly disclose their investors. Under these circumstances, the Federal Rules allow "the names of identified persons [to] be protected against disclosure to other parties." *See* Fed. R. Civ. P. 7.1 (advisory committee notes); *see also Best Odds Corp.*, 2014 WL 5687730, at *3 ("sealing [defendant's] disclosure will (1) satisfy Rule 7.1's purpose, by enabling the court to determine whether a conflict of interest exists, and (2) act as a prophylactic against potential litigation abuses that will needlessly increase the cost of litigation").

[*signatures on next page*]

---

[4] The Companies did not redact nor do they propose to seal the states of citizenship that were included in the corporate disclosure statements for each LLC member even when the individual's name was redacted and proposed to be sealed.

Respectfully submitted this 25th day of February, 2026.

**NELSON MULLINS RILEY & SCARBOROUGH LLP**

<u>/s/ Robert L. Lindholm</u>
Robert L. Lindholm (N.C. Bar No. 52800)
robert.lindholm@nelsonmullins.com
301 S. College Street, 23rd Floor
Charlotte, NC 28202
Telephone: 704.417.3231
Facsimile: 704.377.4814

Matthew G. Lindenbaum*
matthew.lindenbaum@nelsonmullins.com
One Financial Center, Suite 3500
Boston, MA 02111
Telephone: 617.217.4665
Facsimile: 617.217.4710

*Appearing by special appearance pursuant to L.R. 83.1(d)

*Counsel for R&R SPE LLC and RCOFIII Spec-Fin Credit 1 LLC*

8

## CERTIFICATE OF WORD COUNT

Undersigned hereby certifies that the foregoing brief does not exceed 3,125 words, including the body of the brief, headings, and footnotes, but excluding the caption, signature lines, certificate of service, this Certificate of Word Count, and/or any cover page or index.

Dated: February 25, 2026

/s/ Robert L. Lindholm
Robert L. Lindholm (N.C. Bar No. 52800)
robert.lindholm@nelsonmullins.com
301 S. College Street, 23rd Floor
Charlotte, NC 28202
Telephone: 704.417.3231
Facsimile: 704.377.4814

*Counsel for R&R SPE LLC and RCOFIII Spec-Fin Credit 1, LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that on February 25, 2026, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send electronic notification of such filing to all counsel of record.

Dated: February 25, 2026

/s/ Robert L. Lindholm
Robert L. Lindholm (N.C. Bar No. 52800)
robert.lindholm@nelsonmullins.com
301 S. College Street, 23rd Floor
Charlotte, NC 28202
Telephone: 704.417.3231
Facsimile: 704.377.4814

*Counsel for R&R SPE LLC and RCOFIII Spec-Fin Credit 1 LLC*