IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| MICHAEL GOETTING, KIMBERLY WEBB, TERRI EDGELL, and KIMBERLY CHILDS, on behalf of themselves and all individuals similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>SAMUEL ADRIAN SPRATT, RCOFIII SPEC-FIN CREDIT 1, LLC, R&R SPE LLC, JAMIE AZURE, CRAIG LUNDAY, KENNY MALATERRE, JON JON KEPLIN, RON TROTTIER SR., ELMER DAVIS JR., LYNN GOURNEAU, CHAD COUNTS, BLAINE DAVIS, and JOHN DOES Nos. 1-15,<br><br>Defendants. | 1:25-CV-00794 |

## ORDER

RCOFIII Spec-Fin Credit 1, LLC ("RCOF") and R&R SPE LLC ("R&R") (collectively, "Fund Defendants") previously moved to limit corporate disclosures and file some parts of their corporate disclosures under seal. *Motion to Limit Further Corporate Disclosures*, D.E. 46 (Jan. 21, 2026); *Motion to Seal Portions of Corporate Disclosures*, D.E. 43 (Jan. 21, 2026). The Court denied both motions on March 17, 2026 (the "Order"). *See Order*, D.E. 54 (Mar. 17, 2026). Fund Defendants ask the Court to reconsider the Order. *Motion for Reconsideration*, D.E. 70 (Apr. 13, 2026). Fund Defendants also request oral argument. *Id.* at 1. For the reasons that follow, the Court denies the motion and the request for oral argument.

## LEGAL STANDARD

A nonfinal order is an order that "adjudicates fewer than all the claims or the rights and liabilities" at issue in the case. Fed. R. Civ. P. 54(b). Nonfinal orders "may be revised at any time before the entry of a judgment adjudicating all the claims and

all the parties' rights and liabilities." *Id*. However, there are clear limits to a court's power to reconsider its nonfinal orders. *See Clear Touch Interactive, Inc. v. Ockers Co.*, 171 F.4th 715, 729 (4th Cir. 2026). The Fourth Circuit has "cabined district courts to revising their orders in three circumstances: where there is (1) substantially different evidence discovered during litigation, (2) an intervening change in law, or (3) clear error causing manifest injustice." *Id.*

## DISCUSSION

In declining to limit disclosure in the Order, the Court did not distinguish between Rule 7.1(a)(1), Rule 7.1(a)(2), and the Local Rules. *See* D.E. 54. Ultimately, the Court reached a decision based on Rule 7.1(a)(2). *See id*. (discussing exceptions to Rule 7.1(a)(2)). This was clear error, as Rule 7.1(a)(2) does not apply to this case. Rule 7.1(a)(2) applies when "jurisdiction is based on diversity under 28 U.S.C. § 1332(a)." Fed. R. Civ. P. 7.1(a)(2). Jurisdiction here is based on 18 U.S.C. § 1965 and 28 U.S.C. § 1332(d)(2). *Amended Complaint*, D.E. 52, at p. 6 (Mar. 11, 2026).

Identifying error is only the first step in the Rule 54(b) analysis. To revise a nonfinal order, the error must also cause a party manifest injustice. *See Clear Touch*, 171 F.4th at 729. Three rules govern disclosure here: Rule 7.1(a)(1), Local Rule 7.7(a)(1), and Local Rule 7.7(a)(2). Rule 7.1(a)(1) and Local Rule 7.7(a)(1) are coextensive, requiring disclosure of "any parent corporation" and "all parent entities". Fed R. Civ. P. 7.1(a)(1); M.D.N.C. L.R. 7.7(a)(1). Unlike Rule 7.1(a)(2), Rule 7.1(a)(1) has no provision that allows courts to limit disclosure. *See* Fed. R. Civ. P. 7.1(a)(1). And Fund Defendants did not request an exception from Local Rule 7.7(a)(2). *See* D.E. 46. Thus, the error does not cause manifest injustice because the outcome remains the same under the correct rules—disclosure is required.

Fund Defendants' sealing arguments exceed the scope of a Rule 54(b) motion to reconsider. Fund Defendants detail new privacy interests supported by two new affidavits. *See Brief in Support of Reconsideration*, D.E. 71, at pp. 10–11, 14 (Apr. 13, 2026); *Affidavit of Brigitte Harley*, D.E. 72 (Apr. 13, 206); *Affidavit of John H. Weston III*, D.E. 73 (Apr. 13, 2026). But a Rule 54(b) motion to reconsider is "not a vessel for the losing party to submit evidence that it could have presented earlier." *Chavez-Deremer v. Med. Staffing of Am., LLC*, 147 F.4th 371, 414 (4th Cir. 2025) (citation modified). At this stage, the Court may not consider new arguments and evidence to supplement Fund Defendants' initial conclusory assertion that privacy interests outweigh access rights.

Finally, the request for oral argument is denied. Requests for oral argument should identify "[s]pecial considerations" that "warrant a hearing or oral argument."

M.D.N.C. L.R. 7.3(c)(1). Fund Defendants did not do so. *See* D.E. 70. The Court finds no special considerations are present.

**CONCLUSION**

For the foregoing reasons, it is ORDERED that Fund Defendants' Motion for Reconsideration, D.E. 70, is DENIED and the request for oral argument is DENIED.

This the 6th day of November, 2026.

*/s/ David A. Bragdon*
Chief United States District Judge